944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois
corporation, Plaintiff-Appellee,
v.
Thomas M. ISHIGO, and Ellen Ishigo, Defendants-Appellants,
 No. 90-15990.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 19, 1991.
Decided Sept. 23, 1991.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas and Ellen Ishigo appeal from the district court's grant of a declaratory judgment in favor of State Farm Insurance. The district court held that Hawaii's underinsured motorist statute, as it existed in 1986, did not require that rejection of underinsured motorist coverage be in writing. Haw.Rev.Stat. § 431-448(b).
 
 
 3
 We reverse because the Supreme Court of the State of Hawaii recently held that the statute did require a written rejection. Mollena v. Fireman's Fund Ins. Co., No. 14648 (Haw.Sup.Ct. Aug. 21, 1991).[1] Thus, it was error to grant judgment in favor of State Farm.
 
 
 4
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Ishigos also appeal from the district court's holdings that an offer sent to them was a sufficient offer under section 431-448(b) and that they received it. We need not decide those issues, for even if the offer itself was sufficient and received, the result of this case would not change